1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY A. WILLIAMS,

11        Plaintiff,                    No. CIV S-08-0829 LEW DAD PS

12        vs.

13   DEPARTMENT OF CORRECTION          ORDER
     REHABILITATION, et al.,

14

          Defendants.
15   _____/

16        Plaintiff is a former state prisoner now residing in Los Angeles, California.

17   Plaintiff, proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 and has

18   applied for leave to proceed in forma pauperis.  The proceeding has been referred to the

19   undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

20        In his complaint, plaintiff alleges that he was an inmate of Salinas Valley State

21   Prison in January 2006, that he worked for the Prison Industry Authority at the Correctional

22   Training Facility dairy, and that he was assaulted at the dairy by a state employee by the name of

23   Nathan Nash.  Plaintiff seeks money damages for physical injury, mental anguish, and lost

24   wages.  Plaintiff identifies the defendants as Nathan Nash and the Department of Corrections.

25        The federal venue statute requires that a civil action, other than one based on

26   diversity jurisdiction, be brought in "(1) a judicial district where any defendant resides, if all

                                          1

1 defendants reside in the same State, (2) a judicial district in which a substantial part of the events

2 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

3 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

4 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

5          Salinas Valley State Prison and the Correctional Training Facility are located in

6 Monterey County, which is within the judicial district of the United States District Court for the

7 Northern District of California.  See 28 U.S.C. § 84(a).  Plaintiff has not sued any person who

8 resides within the judicial district of the United States District Court for the Eastern District of

9 California, and none of the events at issue occurred within this judicial district.  See Will v.

10 Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Pennhurst v. Halderman, 465 U.S. 89,

11 98-99 & 101-02 (1984).  It appears that all proper defendants reside within the judicial district of

12 the United States District Court for the Northern District of California, and plaintiff's claims for

13 damages arose in that district.  Thus, it is appropriate that plaintiff's claims be litigated in the

14 United States District Court for the Northern District of California.  In the interests of justice, this

15 action will be transferred to that court for further proceedings.  See 28 U.S.C. § 1404(a).

16          Accordingly, IT IS HEREBY ORDERED that this action is transferred to the

17 United States District Court for the Northern District of California.

18 DATED: April 29, 2008.

19

20 _____
   DALE A. DROZD
21 UNITED STATES MAGISTRATE JUDGE

22 DAD:kw
   DDad1/orders.pro se/williams0829.transfer
23

24

25

26

2